

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-80,635-02

### EX PARTE DANA MARIE CONTRERAS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 37880-D IN THE 320TH DISTRICT COURT
### FROM POTTER COUNTY

*Per curiam*.

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and sentenced to forty years' imprisonment. The Seventh Court of Appeals initially reversed her conviction on the basis of an erroneously admitted confession. *Contreras v. State*, 998 S.W.2d 656 (Tex. App. — Amarillo 1999). This Court granted the State's petition for discretionary review and reversed the judgment of the court of appeals, remanding to that court for further proceedings. *Contreras v. State*, 67 S.W.3d 181 (Tex. Crim. App. 2001)*.* On remand, the court of appeals

affirmed Applicant's conviction and sentence. *Contreras v. State*, 73 S.W.3d 314 (Tex. App. — Amarillo 2001, pet ref'd) .

Applicant now contends that her sentence in this case was based in part on false testimony, and argues that she is entitled to a new punishment hearing. Applicant's testimony at trial was that she stabbed the victim, her mother's boyfriend, because she believed that he had been sexually abusing her younger sister and intended to do the same to Applicant herself. Applicant's younger sister was called as a rebuttal witness by the State, and testified that the victim had never touched or abused her sexually.

Applicant's younger sister has submitted an affidavit in which she states that her trial testimony was false. In her affidavit, she states that the victim did sexually abuse her, and that he told her not to tell anyone or he would kill her and her family. She states that she did not tell anyone about the sexual abuse before trial or at trial because she was afraid, confused, and did not understand the consequences of lying about it.

The trial court has determined that the State's unknowing use of false testimony to obtain a 40-year sentence denied Applicant due process of law and a fair trial on punishment. The State agrees that the prosecutor would have sought a lower sentence had this information been know at the time of trial. The trial court's findings of fact and conclusions of law are supported by the record. *See Ex parte Chabot*, 300 S.W.3d 768 (Tex. Crim. App. 2009).

On February 4, 2015, this Court remanded this case to the trial court with orders to conduct a live hearing and make credibility determinations based on live testimony. On February 17, 2015, this Court received a motion from the State, requesting that the Court reconsider its remand order and grant relief. The State's motion is granted, and the remand order of February 4, 2015 is

withdrawn. Relief is granted. The sentence in Cause No. 37880-D in the 320th District Court of Potter County is set aside, and Applicant is remanded to the custody of the Sheriff of Potter County for a new punishment hearing. The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Delivered: February 25, 2015
Do not publish